24 C.C.P.A. (Patents)

In re HENSCHELL.

Patent Appeal No. 3834.

Court of Customs and Patent Appeals.

June 21, 1937.

358

E. Hume Talbert, of Washington, D. C. (Francis G. Boswell, of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

Ferdinand A. Henschell, the appellant, filed an application in the United States Patent Office on April 20, 1932, for a patent on certain alleged new and useful improvements in graters. His claims were denied by the Examiner, and, on appeal, by the Board of Appeals. The appellant has appealed, bringing here three rejected claims, 13, 14, and 15, for review. Claims 13 and 14 are typical, and here follow:

"13. A grater comprising a perforate sheet having grating teeth arranged in partial bounding relation to its perforations, said teeth comprising bulged portions of the sheet which give the teeth arcuate form both in the plane of the sheet and in planes perpendicular to the plane of the sheet, the edges of those portions of the sheet constituting the teeth being zones of cylindrical surfaces whose centers are the centers of the perforations.

"14. A grater comprising a perforate sheet having its perforations arranged in parallel rows transversely of the sheet and being provided with grating teeth arranged in partial bounding relation to said perforations, said teeth comprising bulged portions of the sheet which give the teeth arcuate form both in the plane of the sheet, and in planes perpendicular to the plane of the sheet, the edges of those portions of

the sheet constituting the teeth being zones of cylindrical surfaces whose centers are the centers of the perforations, the teeth at the perforations of adjacent rows being respectively on diametrically opposite sides of said rows."

The device disclosed by the appellant is a grater made of sheet metal and consists of an oblong sheet with marginal molded edges and turned over ends for easy handling. Upon the face of the grater are a number of teeth caused by transverse lines of perforations across the face of the grater.

The rejections were upon two references, namely, Silvestre (Fr.), 634,732, November 30, 1927, and Rowley, 1,845,522, February 16, 1932.

The tribunals of the Patent Office contend that the disclosure of appellant is fully met by the references. On the other hand, the appellant contends that the rejected claims will not read upon the devices of the references.

There is considerable discussion about the method by which the grating teeth are formed. This is material only as bearing upon the shape and structure of the teeth. The appellant's counsel admits in his brief that the Board of Appeals has properly explained, in its opinion, the method of construction of the teeth, as follows:

"The disclosure relates to a so-called grater in which the grating elements are formed with respect to the body in a manner to produce a grating action as distinguished from a shredding action when a condiment, fruit or vegetable is moved back and forth over the grating surface. As disclosed, the grating teeth are semicylindrical in form produced by a punching action, which is illustrated in Figs. 4 and 5 of the drawing. On the right-hand side in Fig. 5 the die block 19 is cut away at the side of the opening 22 so that the punch on that side bends the metal downward from the plate 10 to the position as shown at 20 and then cuts the edge of the tooth portion in a semi-cylindrical form having a surface perpendicular to the plane of the sheet 10. In the disclosure, these teeth are arranged in rows with the tooth portions back to back in adjacent rows. The arrangement is also such that the teeth are in staggered relation with reference to adjacent rows or different pairs of rows."

The tribunals of the Patent Office seem to be of opinion that there is no practical

difference, or, at least, no patentable distinction, between the teeth of the graters in Rowley and Silvestre and those of the appellant. The method of construction used by the appellant has just been stated.

Rowley constructs his teeth as follows: A number of cylindrical perforations are punched in a metal plate, perpendicularly. The plate is then stamped so that the portion at one side of each round perforation will be pushed outward to form a sort of bulge below the opening to facilitate the passing of the particles through the opening. Necessarily this bulging formation leaves an edge which is arcuate, both in the plane of the sheet and in planes perpendicular to the plane of the sheet.

The French patent to Silvestre employs another method. Here a bent plate of metal is punched into a series of perpendicular holes. The portion of metal between these holes is then pushed upward and outward to from a surface which will present a toothed edge in both directions. The grater, therefore, presents a series of double-toothed perforations, and will grate the substance desired to be treated when moved in either direction.

The appellant argues that the principal patentable distinction between his particular construction and those of the reference patents lies in the fact that the inner edges of the teeth of his grater are in a plane perpendicular to the plane of the surface of the grater. This is true, and, in our opinion, it is not met by either of the references. It must be manifest that when the punch goes through the metal in appellant's construction, half of the perforation is not punched out until the surface of the metal is depressed to the point where the balance of the cut may be done in a manner which will bevel the edge of the tooth to a sharp exterior edge.

That the Board of Appeals so understood the disclosure of appellant is apparent from its statement in its decision, as follows:

" * * * As disclosed, the grating teeth are semi-cylindrical in form produced by a punching action, which is illustrated in Figs. 4 and 5 of the drawing. On the right-hand side in Fig. 5 the die block 19 is cut away at the side of the opening 22 so that the punch on that side bends the metal downward from the plate 10 to the position as shown at 20 and then cuts the edge of the tooth portion in a semi-cylin-

drical form having a surface perpendicular to the plane of the sheet 10. * * * "

The difficulty with appellant's position is, however, that this particular limitation is not disclosed in any of the claims. Claim 13, for instance, recites, in part, "the edges of those portions of the sheet constituting the teeth being zones of cylindrical surfaces whose centers are the centers of the perforations." Similar language is found in rejected claims 14 and 15. So far as is apparent from the claims, the cylinders and cylindrical surfaces may not be perpendicular to the plane of the grater surface. A cylinder may lie in an oblique plane and still satisfy the language "whose centers are the centers of the perforations." The particular feature, therefore, upon which the appellant so strongly relies, although disclosed by him in his specification, is not claimed in this application, and hence he can have no benefit from it here. The right of appellant to a patent depends not only upon what his device will do, but what he claims for it. In re Molyneaux, 35 F.(2d) 68, 17 C.C.P.A. (Patents) 573.

In our opinion, the other features and limitations of the rejected claims are found in the reference patents Rowley and Silvestre.

There is, therefore, in our opinion, nothing patentable claimed in the rejected claims, and the decision of the Board of Appeals is affirmed.

Affirmed.